IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| IN RE HATTERAS FINANCIAL, INC. SHAREHOLDER LITIGATION | ) Lead Case No. 1:16-cv-00445 ) ) ) MASTER FILE |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) |

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT, FORM AND MANNER OF NOTICE, AND SCHEDULING OF SETTLEMENT HEARING

The parties having made an application for an order for notice and scheduling of a hearing with respect to a settlement (the "Settlement") of the above-captioned litigation (the "Consolidated Actions") in accordance with a Stipulation and Agreement of Settlement dated May 4, 2017 (the "Stipulation") which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Consolidated Actions and provides for dismissal of the Consolidated Actions with prejudice;[1]

IT IS HEREBY ORDERED that:

1. <u>Conditional Certification of the Class as a Non-Opt-Out Class</u>. For settlement purposes only and conditioned upon Final Approval of the Settlement, the court conditionally

---

[1] This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise defined herein.

certifies the Class as a non-opt-out class pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure. The Class consists of any and all persons who were record holders or beneficial owners of any share(s) of the common stock of Hatteras Financial, Inc. ("Hatteras") at any time during the period beginning on and including April 10, 2016, and ending on and including July 12, 2016, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, <u>excluding</u> the Defendants and the members of the immediate families of the Directors (the "Class"). The court finds, preliminarily and for purposes of settlement only, that each of the requirements of Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure have been satisfied, in that (i) the Class is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class, (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the Class, (iv) the Plaintiffs and their counsel are adequate representatives of the Class, (v) the prosecution of separate actions by members of the Class would create a risk of inconsistent or varying adjudications with

respect to the individual members of the Class that would establish incompatible standards of conduct for Defendants and/or adjudications with respect to individual members of the Class that would as a practical matter be dispositive of the interests of members of the Class or substantially impair or impede their ability to protect their interests, and (vi) and Defendants have acted on grounds that apply generally to the Class. Such preliminary findings, and the court's earlier decision on November 18, 2016 (Doc. 29) to appoint the Plaintiffs in the Consolidated Actions as co-lead Plaintiffs ("Lead Plaintiffs") and their counsel as co-lead counsel ("Lead Counsel"), are subject to further consideration at the Settlement Hearing, as defined and described below.

2. <u>Preliminary Approval</u>. After a preliminary review, the court finds that (i) the Settlement falls within the range of possible approval criteria, as it provides a beneficial result for the Class and appears to be the product of good-faith, informed, and non-collusive negotiations between experienced and able counsel for the parties; and (ii) the Class should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and to appear at the Settlement Hearing. Accordingly, the court preliminarily approves the Stipulation and the Settlement set forth therein.

3

Such preliminary approval is subject to further consideration at the Settlement Hearing.

3. <u>Settlement Hearing</u>. A hearing (the "Settlement Hearing") shall be held on <u>August 24, 2017 at 2:00 p.m.</u>, in Courtroom 2, United States Courthouse, 251 North Main Street, Winston-Salem, North Carolina 27101, to: (a) determine whether the Class should be finally certified and whether Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) determine whether the proposed Settlement of the Consolidated Actions on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to, and is in the best interests of, the Class and should be approved by the court; (c) determine whether an Order and Final Judgment as provided in the Stipulation should be entered herein; (d) consider an application by Lead Counsel for an award of attorneys' fees and expenses as provided in the Stipulation; and (e) rule on such other matters as the court may deem appropriate. The court may adjourn the Settlement Hearing without further notice to members of the Class. The court may approve the Settlement, according to the terms and conditions of the Stipulation, as it may be modified by the parties thereto, with or without further notice to the Class. Further, the court may enter the Order and Final Judgment dismissing the Consolidated Actions against Defendants with prejudice (as

4

provided in the Stipulation), approving releases by the Releasing Persons and the Class of all of the Released Claims against the Released Persons, and ordering the payment of attorneys' fees and expenses, all without further notice.

4. <u>Appearance at Settlement Hearing and Objections to the Settlement</u>. Any member of the Class who objects to the Settlement, the Order and Final Judgment to be entered in the Consolidated Actions, and/or Lead Counsel's application for an award of attorneys' fees and expenses, or who otherwise wishes to be heard, may appear personally or by counsel at the Settlement Hearing and present evidence or argument that may be proper and relevant; *provided, however*, that no member of the Class may be heard and no papers or briefs submitted by or on behalf of any member of the Class shall be received and considered, except by Order of the court for good cause shown, unless, no later than ten (10) calendar days prior to the Settlement Hearing, that Class member has filed with the Clerk of the United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, North Carolina 27401-2544, and served upon the attorneys listed below, copies of the following: (a) a written notice of intention to appear, identifying the name, address, email address, and telephone number of the objector and, if represented, counsel, (b) written proof of ownership of Hatteras Financial common

5

shares (either of record or beneficially) at any time between April 10, 2016, and July 12, 2016, and a statement certifying that the objector is a member of the Class, (c) a written detailed statement of such person's specific objections to any matter before the court, (d) the grounds for such objections and any reasons for such person's desiring to appear and be heard, and (e) all documents and writings such person desires the court to consider. These papers must be served upon the following attorneys by hand delivery, overnight mail, or electronic filing and service:

>James M. Wilson, Jr.
>FARUQI & FARUQI, LLP
>685 Third Avenue, 26th Floor
>New York, NY 10017
>
>*Counsel for Plaintiff James Wilson*
>
>Donald J. Enright
>LEVI & KORSINSKY LLP
>1101 30th St. NW
>Washington, DC 20007
>
>*Counsel for Plaintiff Stephen Twiss*
>
>Richard A. Acocelli
>WEISSLAW LLP
>1500 Broadway
>16th Floor
>New York, NY 10036
>
>*Counsel for Plaintiff Stephen Bushansky*
>
>Brian D. Long
>RIGRODSKY & LONG, P.A.
>2 Righter Parkway, Suite 120
>Wilmington, DE 19803

*Counsel for Plaintiff William Friedman*

David Clarke, Jr.
DLA PIPER LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209

*Counsel for Hatteras Financial Corp., David W. Berson, Michael R. Hough, Benjamin M. Hough, Ira G. Kawaller and William V. Nutt*

Scott R. Haiber
HOGAN LOVELLS US LLP
100 International Drive
Suite 2000
Baltimore, MD 21202

*Counsel for Jeffrey D. Miller, Vicki H. Wilson-McElreath and Thomas D. Wren*

William D. Savitt
WACHTELL LIPTON ROSEN & KATZ
51 West 52nd Street
New York, NY 10019

*Counsel for Annaly Capital Management, Inc. and Ridgeback Merger Sub Corporation*

Unless the court otherwise directs, no member of the Class shall be entitled to object to the Settlement, the judgment to be entered herein, or the award of attorneys' fees and expenses to Plaintiffs' counsel, or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner provided above shall be deemed to have waived such objection and shall forever be barred from making any such objection in the Consolidated Actions (including on any appeal) or in any other action or proceeding.

5. <u>Approval of Notice</u>.  The court approves, in form and content, the Notice annexed as Exhibit B to the Stipulation and finds that mailing the Notice pursuant to the procedures set forth herein constitutes the best notice practicable under the circumstances to all persons entitled to such notice of the Settlement Hearing and the proposed Settlement, and meets the requirements of Rule 23(c)(2)(A) of the Federal Rules of Civil Procedure and of due process.

6. <u>Notice Procedures</u>.  No later than fifteen (15) days after the entry of this Order, the Defendants shall mail copies of the Notice to any and all persons who were record holders of any share(s) of Hatteras common stock at any time during the Class Period.  Thereafter, the Defendants shall comply with all reasonable requests from record holders to mail additional copies of the Notice to beneficial holders identified by the record holders, or provide additional copies of the Notice so that the record holders can distribute copies of the Notice to Persons who were beneficial owners of any share(s) of Hatteras common stock at any time during the Class Period.  The Defendants shall be responsible for all of the expenses incurred in complying with Section 6 of this Order of Preliminary Approval and Section 3 of the Stipulation.

7. <u>Briefing Schedule</u>.  Lead Counsel shall file all briefs and supporting papers in support of the Settlement, including

8

their application for an award of attorneys' fees and expenses, no later than twenty (20) calendar days before the Settlement Hearing. Any responsive papers or objections shall be filed no later than ten (10) calendar days before the Settlement Hearing. Plaintiffs' counsel shall file any supplemental briefing, if any, no later than five (5) calendar days prior to the Settlement Hearing.

8. <u>Stay of Proceedings and Injunction against Further Proceedings</u>. All proceedings in the Consolidated Actions other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement are hereby stayed and suspended until further Order of this court. Pending final determination of whether the Settlement should be approved, Plaintiffs and all members of the Class, and any of them, are barred and enjoined from commencing, instigating, instituting, maintaining, prosecuting, asserting, or participating in any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind, whether individual, class, derivative, representative, legal, equitable, or in any other capacity, asserting any of the Released Claims against any of the Released Persons.

9. <u>Termination of Settlement</u>. If the Settlement is terminated for any reason pursuant to the terms of the Stipulation or does not receive Final Approval, this Order and

9

any judgment entered herein, as well as any other actions taken or to be taken in connection with the Settlement, shall be terminated and shall become null and void and of no further force and effect. If the Settlement is terminated pursuant to the terms of the Stipulation, the parties to the Consolidated Actions shall so inform the court and shall revert to their respective litigation positions as if the Stipulation never existed, and neither the Memorandum of Understanding that counsel executed as of June 30, 2016 (the "MOU"), nor the Stipulation, nor any provision contained therein, nor any action undertaken pursuant thereto, nor the negotiation thereof by any person, shall be deemed an admission or offered or received as evidence at any proceeding in the Consolidated Actions or any other action or proceeding.

10. <u>No Admission</u>. The MOU and the Stipulation and any and all negotiations, statements, or proceedings in connection therewith are not and shall not be deemed to constitute a presumption, concession, or an admission by any person of any fault, liability, damages, or wrongdoing as to any facts or claims alleged or asserted in the Consolidated Actions or any other actions or proceeding. The provisions contained in the MOU and the Stipulation shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Consolidated Actions, or in any other

10

Case 1:16-cv-00445-TDS-JLW   Document 40   Filed 07/03/17   Page 10 of 11

action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Stipulation or the Settlement or to effectuate the releases and dismissal with prejudice contained therein.

11. <u>Retention of Exclusive Jurisdiction by the Court</u>. The court retains exclusive jurisdiction over the Consolidated Actions to consider all further applications arising out of or connected to the proposed Settlement.

<u>/s/   Thomas D. Schroeder</u>
United States District Judge

July 3, 2017